UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-3715-RGK (KK) | Date: | June 27, 2017 |
| Title: | *Ronnie R. Waddell v. R. Madden, Warden* | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** Order re Respondent's Motion to Dismiss Petition [Dkt. 8]

On May 12, 2017, Petitioner Ronnie R. Waddell ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Section 2254"). ECF Docket No. ("Dkt.") 1. In the Petition, Petitioner raises three claims for relief: (1) the evidence was insufficient to establish beyond a reasonable doubt that Petitioner did not act in self-defense ("Claim One"); (2) the court erred in failing to instruct the jury on self-defense of property ("Claim Two"); and (3) the court erred in failing to instruct the jury they must restart deliberations when an alternative juror is substituted in after deliberations commenced ("Claim Three"). Id. at 2-3.

On June 9, 2017, Respondent filed a Motion to Dismiss the Petition as a mixed Petition ("Motion") arguing Claim Three is unexhausted. Dkt. 8.

On June 21, 2017, Petitioner filed an Opposition. Dkt. 11. In the Opposition, Petitioner concedes Claim Three is unexhausted. Id. at 1. Petitioner requests to dismiss Claim Three and to proceed on exhausted Claims One and Two. Id. at 1-2.

///
///
///

Therefore, it is HEREBY ORDERED that:

1. Petitioner's request to dismiss unexhausted Claim Three is GRANTED;

2. Respondent's Motion to Dismiss is DENIED as moot;

3. Respondent is ordered to file an answer **within thirty (30) days** of the date of this order addressing the merits of Claims One and Two. At the time the answer is filed, Respondent shall lodge with the court all records bearing on the merits of petitioner's claims, including the briefs specified in Rule 5(d) of the Rules Governing Section 2254 Cases in the United States District Courts. The answer shall also specifically address the necessity for an evidentiary hearing to resolve any issue; and

4. Petitioner may file a single reply responding to matters raised in the answer **within thirty (30) days** of the date of service thereof. Any reply filed by Petitioner (a) shall state whether petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the petition. Grounds for relief withheld until the reply will not be considered, unless the court grants leave to amend the Petition. No reply shall exceed twenty-five (25) pages in length absent advance leave of court for good cause shown.